IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, | § | |
| #01383329, | § | |
|         Plaintiff, | § | |
| | § | No. 3:22-cv-01954-B (BT) |
| v. | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|         Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Barry Emmett, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in Case Number 3:08-cv-2219-B. On September 1, 2022, the Court severed Emmett's civil claims from that habeas action and opened this civil rights case. Emmett did not pay the filing fee in this case. Having screened Emmett's complaint, the undersigned recommends the Court DISMISS the complaint as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

The "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Jackson v. Johnson, 475 F.3d 261, 265 (5th Cir. 2017)*. Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of

the good.'" *Brown v. Megg*, 857 F.3d 287, 291 (5th Cir. 2017) (quoting

*Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1762 (2015)).

Emmett has accrued three strikes under § 1915(g). Before filing this

complaint, and while he was incarcerated, Emmett filed at least three civil

cases that were dismissed as frivolous or for failure to state a claim under 28

U.S.C. § 1915(e). *See, e.g., Emmett v. Littles*, No. 3:11-cv-583-M (N.D. Tex.);

*Emmett v. Office of Clerk of Court*, No. 7:10-cv-156-O (N.D. Tex); *Emmett

v. McGuire, et al.*, No. 10-10437 (5th Cir.).

Because Emmett has accrued three strikes, § 1915(g) precludes him

from proceeding in this action *in forma pauperis* unless he alleges he is in

"imminent danger of serious physical injury" at the time of filing the

complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per

curiam). To meet the imminent danger requirement of § 1915(g), the threat

must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th

Cir. 2003); *see also Banos*, 144 F.3d at 885 (Under § 1915(g), the court "must

determine if danger exists at the time the *plaintiff seeks to file his complaint

or notice of appeal IFP*") (emphasis in original). Allegations of past harm

are insufficient to show imminent harm because the harm alleged must

constitute "genuine emergencies" where "time is pressing." *Heimermann v.

Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam); *see also Banos*, 144

F.3d at 885 (finding the prisoner had "not alleged, much less established,

that he faced imminent danger of serious physical injury at the time that his notice of appeal was filed").

Emmett alleges that, on May 21, 2022, he was "forcibly beaten by guards" and "shut up with Haldol," the "sister drug to Thorazine." Compl. 1 (ECF No. 2). His complaint is not dated, but it was received by the Court on June 22, 2022. Emmett fails to allege, much less demonstrate, that he was in imminent danger of serious physical injury at the time he filed his complaint, presumably weeks after the alleged May 21 incident. He is therefore barred from proceeding *in forma pauperis* under § 1915(g).

### Recommendation

The Court should DISMISS this civil action as barred by the three-strikes provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* complaint raising the same claims presented here, but without prejudice to the refiling of this complaint with full payment of the $402.00 filing fee.

Signed September 8, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).